Beattie, J.
The plaintiff, Alan Billings, broughtthis action againstthe defendant, Dual Manufacturing & Engineering, Inc. in two counts, Contract (Count I), and Misrepresentation (Count II).
The Report indicates that at trial there was evidence tending to show that in early February 1988, plaintiff was contacted by an employment agency with whom he had some dealings concerning an opening in Holyoke, Massachusetts as a production manager for the defendant corporation. Plaintiff was employed at that time as a production manager in a machine shop in Willimantic, Connecticut, and lived in Storrs, Connecticut Plaintiff was interested, and a job interview was arranged with Mr. Dumaine, President of defendant corporation. Subsequently, plaintiff met with principals of the parent company, Berkline Corp., in Tennessee.
Thereafter, Billings was notified by Dumaine that he would be hired by Dual, and a letter dated March 4,1988 was sent to plaintiff setting out terms and conditions of employment, including certain costs for relocation. Plaintiff began work on April 4, 1988 and was terminated on May4,1988. In the meantime, on March 30,1988, plaintiff made a down payment of $9,350.00 on a home in East Longmeadow, Massachusetts with a closing date in August of 1988.
UponhisterminationinMay,plaintiffwasgivenfourweeks’paytotalling$4,300.00. The trial judge determined that the plaintiff had a contract good until at least July 1,1988; that in reliance of said contract, plaintiff incurred relocation expenses of $9,350.00, together with $5,000.00 out-of-pocket expenses incurred in moving to Albany after his termination at Dual.
The trial judge concluded that these expenses were incurred in reliance upon his contract with defendant and, therefore, were recoverable as damages in an action for breach of contract.
The judge also determined that plaintiff was entitled to unpaid salary of $3,225.00. Defendant claims to be aggrieved by the judge’s action on certain of his requests for rulings of law, as well as by the judge’s ruling as to certain of plaintiff’s Requests for Findings of Fact and Rulings of Law.
As to defendant’s claims for appeal regarding the judge’s rulings of law, this court finds as follows:
Allowance of Defendant’s Requests for Rulings of Law 2,4,5,6.
There was evidence to warrant rulings as requested by defendant The judge allowed those requests on that basis. However, it is well settled that a judge may allow a request for a ruling that the evidence warrants a certain finding, and actually otherwise find. That is not error. In this case, the trial judge allowed defendant’s Requests, yet found the facts to sustain a different ruling.
The Court made explicit and detailed findings that plaintiff’s relocation to this area *167 was an important aspect of, and occasioned by, defendant’s employment contract. The court found that plaintiffs contract provided that he was entitled to relocation expenses and that the forfeited deposit was a part of those expenses.
Under Cellucci v. Sun Oil Company, 2 Mass. App. Ct. 722, 320 N.E.2d 919, 923 (1974), compensation for expenditures made in reliance on representations may occur when (1) a representation or conduct amounting to a representation is made intended to induce a course of conduct on the part of the person to whom the representation is made; (2) there occurs an act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made; (3) detriment to such person is a consequence of the act or omission.
There is nothing to suggest, as defendant contends, that because the trial judge found only that plaintiff had a contract through July 1,1988, that he would have been unable to close on his house in August of1988. On the contrary, had plaintiffs contract been honored through July 1, 1988, plaintiff would have had virtually the entire months of May and June to arrange for appropriate financing. Consequently, the trial court’s ruling relative to plaintiffs lost down payment of $9,350.00 and out-of-pocket expenses of $5,000.00 is justified.
With regard to lostwages, however, the trial judge found thatplaintiff had a contract upon which he could rely until at least July 1,1988. The judge then found that plaintiff was entitled to lostwages through July 18,1988, the date upon which plaintiff obtained other employment It is clear that the trial judge found that defendant breached its contract with plaintiff by failing to employ him through at least July 1,1988. Consequently, any lost wages found as a result of that breach can only be calculated to July 1,1988, and not through July 18,1988. We do not have sufficient information to determine exactly how the judge arrived at a figure of $3,225.00 as lost wages. However, simple mathematics would dictate. The plaintiff was to be paid $1,075.00 per week. UponhisterminationofMay4,1988,hewasgivenfourweeks’pay. Thiswould extend through June 1,1988. Plaintiff would be entitled to additional moneys from June 1,1988 through July 1,1988, and not through July 18,1988 as the trial judge found.
Therefore, with regard to the finding of the trial court for damages sustained in reliance on his contract with defendant, the decision of the trial judge is upheld.
Regarding the issue of lost wages, this court rules that plaintiff is entitled to wages through and including July 1,1988, and no longer. Therefore, with regard to that portion of the trial judge’s finding, the case is remanded for further hearing consistent with this Opinion.